IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cr. No. C-09-464 (2) |
| | § | |
| JUAN ALBERTO GUZMAN-SANCHEZ, | § | |
| | § | |
| Defendant. | § | |

## ORDER DENYING LETTER MOTION WITHOUT PREJUDICE

On May 17, 2010, the Clerk of this Court received from Defendant Juan Alberto Guzman-Sanchez a one-page document which utilizes a Bureau of Prisons form for making a request of BOP staff. The document indicates that it is addressed to the "Clerk of the Court," however, and was mailed to the Clerk. Thus, it appears that Defendant is in fact seeking some sort of relief from the Court. Unfortunately, the motion is unclear as to what relief is being sought. In its entirety, the documents states:

> I would like to get agreement Appea [sic] because I want to running my sentences concurrent. I will appreciate you [sic] help in this matter. Thank you very much.

(D.E. 60 at 1.)

The Court is not sure what "agreement" Defendant seeks or what the term "appea" means or is supposed to reference. Defendant was sentenced in this case on September 28, 2009, and judgment was entered against him on September 30, 2009. (D.E. 43, 44.) The judgment does not contain any reference to any other sentences. (See D.E. 44.) When the Court pronounced his sentence, however, it specifically stated that his sentence in this case would run consecutive to his

sentence in No. 7:05-cr-72, which was imposed at the same time.[1]  In that, case, the Court revoked his term of supervised release and imposed a 24-month sentence. (See D.E. 55, Sentencing Transcript at 23-24.)  Defendant appealed from the judgment against him (D.E. 49) and his appeal remains pending before the Fifth Circuit.  (See generally docket in United States v. Guzman-Sanchez, No. 09-41015 (5th Cir.).)

Again, the Court does not understand from his motion what relief Guzman-Sanchez seeks from the Court.  To the extent that he is seeking to challenge the computation of his sentence by the Bureau of Prisons, such a challenge is properly brought in a petition pursuant to 28 U.S.C. § 2241.  See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration") (citations omitted); United States v. Gabor, 905 F.2d 76, 77-78 n.2 (5th Cir. 1990); United States v. Garcia-Gutierrez, 835 F.2d 585, 586 (5th Cir. 1998) (holding that claims for sentence credit to federal sentences are properly brought pursuant to § 2241).  See also Leal v. Tombone, 341 F.3d 427, 429 (5th Cir. 2003) (analyzing claim for credit under § 2241).

If Guzman-Sanchez elects to file a § 2241 petition, he should file it in the district where he is incarcerated.  See Pack, 218 F.3d at 451.  According to the envelope in which his letter arrived, Guzman-Sanchez is currently incarcerated in Beaver, West Virginia, which is located in the District of West Virginia.   Assuming he remains incarcerated there, Guzman-Sanchez should file any

---

[1] The judgment of revocation in 7:05-cr-72 contains the statement that the sentence in that case "is to be served consecutively to the term of imprisonment imposed in Case No. 2:09cr00464-002." (No. 7:05-cr-72, D.E. 33 at 2.)

§ 2241 petition in that court, after first exhausting his administrative remedies.[2]

Additionally, to the extent Guzman-Sanchez is seeking some other type of relief from the Court, his motion is DENIED WITHOUT PREJUDICE. If he is seeking relief from this Court, he should may refile his motion, providing additional detail as to his specific complaints and specifics as to what he seeks from the Court.

## CONCLUSION

For the foregoing reasons, Guzman-Sanchez' letter motion (D.E. 60) is DENIED WITHOUT PREJUDICE.

It is so ORDERED this 8th day of June 2010.

_____
Janis Graham Jack
United States District Judge

---

[2] A defendant is required to exhaust available administrative remedies through the Bureau of Prisons before litigating in federal court the matter of computation of sentence. United States v. Wilson, 503 U.S. 329, 335 (1992). Guzman-Sanchez would need to so allege in any § 2241 petition he files.