# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cr. No. C-09-464 (2) |
| | § | |
| JUAN ALBERTO GUZMAN-SANCHEZ, | § | |
| | § | |
| Defendant. | § | |

## ORDER CONSTRUING MOTION FOR CONCURRENT SENTENCES AS A MOTION TO REDUCE SENTENCE AND ORDER DENYING MOTION TO REDUCE

By Order signed and entered June 8, 2010, this Court denied without prejudice a motion it had received from Defendant Juan Alberto Guzman-Sanchez. (D.E. 61 (denying D.E. 60).) That motion was very brief and made a vague reference to Guzman-Sanchez's desire to have his sentences run concurrently. (D.E. 61 at 1 (quoting from D.E. 60).) In its Order, the Court noted that when it pronounced his sentence in this case, it specifically stated that the sentence would run consecutive to his sentence in No. 7:05-cr-72, which was imposed at the same time.[1] In the revocation case, the Court revoked Guzman-Sanchez's term of supervised release and imposed a 24-month sentence. (See D.E. 55, Sentencing Transcript at 23-24.) He has appealed and his appeal remains pending before the Fifth Circuit. (See generally docket in United States v. Guzman-Sanchez, No. 09-41015 (5th Cir.).)

---

[1] The judgment of revocation in 7:05-cr-72 contains the statement that the sentence in that case "is to be served consecutively to the term of imprisonment imposed in Case No. 2:09cr00464-002." (No. 7:05-cr-72, D.E. 33 at 2.)

On June 7, 2010, the Clerk received from Guzman-Sanchez another letter, entirely in Spanish, which was translated and subsequently docketed by the Clerk on June 11, 2010. (D.E. 62.) In his most recent filing, he requests that the Court send him the appropriate motion "to request that the Court make the indictment of my two sentences so that they will run together."  (D.E. 62 at 1.)

It is clear that Guzman-Sanchez's most recent filing was sent by him prior to his receipt of the Court's June 8, 2010 Order.  He thus did not have the benefit of the Court's prior Order when preparing it.  To the extent Guzman's most recent filing is requesting that the Court amend its judgment to reflect concurrent, instead of consecutive sentences, he is not entitled to relief.

Such a request can only be construed as a motion to alter or reduce his sentence.  This Court has authority to modify or correct a previously imposed sentence, however, only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c).  United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997).  These circumstances are limited to the following: (1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in § 3582(c)(1); (2) under Fed. R. Crim. P. 35 (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed); and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements.  See § 3582(c).

Guzman-Sanchez fails to assert grounds for modification that fall into any of the categories. Therefore, the Court does not have authority to alter his sentence and his motion for concurrent sentences (D.E. 62) is DENIED.

Finally, as fully explained in the Court's prior order, to the extent that Guzman-Sanchez believes the Bureau of Prisons is improperly calculating his sentence, such a challenge is properly

2

brought in a petition pursuant to 28 U.S.C. § 2241.  (D.E. 61 (citing various authority and discussing need to exhaust administrative remedies and file in the proper district).)  To the extent his motion could be construed as a § 2241 petition, it is DENIED WITHOUT PREJUDICE to his ability to file such a petition in the proper court.

It is so ORDERED this 18th day of June, 2010.

_____
Janis Graham Jack
United States District Judge